**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SIGIFREDO OLIVEROS-ESTUPINAN,

    Petitioner,

-vs-                                                      Case No.  8:02-Cr-228-T-30EAJ
                                                                               8:05-CV-1101-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

    BEFORE the Court is Petitioner's Motion to Supplement the Proceedings (CV Dkt. 7) and Respondent's Response in Opposition thereto (CV Dkt. 10). Petitioner seeks leave to supplement the record with (1) a photograph depicting four men standing over the body of a shark (CV Dkt. 7, Ex. A) and (2) a certificate Petitioner asserts establishes that the vessel carrying 4,665 kilograms of cocaine when intercepted by the United States Coast Guard was certified as a fishing vessel by an official of the Columbian government (CV Dkt. 7, Ex. B).  Petitioner contends that these documents should be considered in support of his claim that trial counsel was ineffective for failing to present evidence of his innocence at trial because they "establish a reasonable doubt as to [his] guilt of the charges"  (Dkt. 7 ¶ 5).

    Respondent opposes Petitioner's motion on grounds that the documents are not (1) pertinent to the issues raised in Petitioner's § 2255 motion or (2) verified as to origin or authenticity (Dkt. 10 at 2).

    The decision whether to grant a request for leave to supplement the record is committed to the sound discretion of the Court.  *See* Fed. R. Civ. P. 15(d) advisory

committee note ("As in other situations where a supplemental pleading is offered, the court is to determine in the light of the particular circumstances whether filing should be permitted, and if so, upon what terms."). "[T]he district court may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments [or supplements] previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or supplement, and] futility of the amendment [or supplement].' " *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (motion may be denied if amendment is futile).

Having reviewed Petitioner's motion for leave to supplement the record, the proposed supplements, and the claims raised by Petitioner in his § 2255 motion, the Court finds that even if the documents were properly verified and authenticated, they are not relevant to Petitioner's claim that trial counsel was ineffective for failing to present a defense of actual innocence. Thus, granting Petitioner's motion to supplement the record would be an exercise in futility.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion to Supplement the Proceedings (CV Dkt. 7) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:jsh